HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKKI JOHNSON,

    Plaintiff,

  v.

PROACTIVE COLLECTION SERVICE, INC., et al.,

    Defendants.

CASE NO. C11-1369RAJ

ORDER

This matter comes before the court on Defendants' motion for summary judgment and Plaintiff's motion to deny that motion or defer adjudicating it. For the reasons stated below, the court GRANTS Plaintiff's motion (Dkt. # 15) and DENIES Defendants' motion (Dkt. # 9).

Defendants claim that they are the assignees of an alleged debt that Plaintiff incurred when she failed to make payments on a cellular telephone service contract. In August 2011, Plaintiff filed this suit contending that Defendants' attempts to collect that debt violate the Fair Debt Collections Practices Act. In October 2011, before the parties had exchanged initial disclosures or conducted an initial discovery conference, Defendants moved for summary judgment. Their principal contention in the summary judgment motion is that Plaintiff's contention that she did not owe a debt is false.

Rather than respond substantively to the summary judgment motion, Plaintiff

ORDER – 1

responded by filing a motion invoking Fed. R. Civ. P. 56(d). Rule 56(d) permits a court to defer adjudication of a summary judgment motion or deny it outright where the party opposing the motion shows that it cannot present evidence necessary to oppose the motion. Plaintiff asked the court to either deny Defendants' motion or delay its adjudication while she sought discovery essential to opposing the motion. Defendants did not respond to her motion.

This court's local rules permit it to construe a party's failure to oppose a motion as "an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). In this case, the court takes Defendants' silence as an admission that Plaintiff is entitled to take discovery before responding to the summary judgment motion. For that reason, the court GRANTS Plaintiff's motion (Dkt. # 15) and DENIES Defendants' summary judgment motion (Dkt. # 9) without prejudice to renewing it.

The court observes, however, that if Defendants had opposed Plaintiff's motion, they might have pointed out that although she has yet to obtain discovery from Defendants, there is no apparent reason that she could not have filed her own affidavit in response to many of Defendants' contentions. This is particularly true with respect to evidence Defendants have presented suggesting that Plaintiff is mistaken (at best) in her allegation that she never incurred the debt in question. Only Defendants' failure to oppose her motion prevents the court from considering whether Plaintiff's failure to provide such an affidavit is evidence of bad faith.

Dated this 23rd day of January, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2